UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. FLETCHER,<br>　　　　　Plaintiff,<br>　　v.<br>CORRECTIONAL OFFICER MENDEZ,<br>　　　　　Defendant. | Case No. 16-cv-03110-YGR (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I.   INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is now before the Court for review pursuant to 28 U.S.C. §1915A, along with his motion for leave to proceed *in forma pauperis*, which will be granted in a separate Order. Plaintiff seeks monetary damages as well as injunctive relief.

Venue is proper because the events giving rise to Plaintiff's claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

The Court now reviews Plaintiff's complaint pursuant to 28 U.S.C. §1915. For the reasons set forth below, the Court DISMISSES the complaint with leave to amend to correct certain deficiencies addressed below, and directs Plaintiff to provide sufficient information regarding the exhaustion of administrative remedies.

## II.   DISCUSSION

### A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se*

1  pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
2  Cir. 1990).
3        Liability may be imposed on an individual defendant under section 1983 if the plaintiff can
4  show that the defendant proximately caused the deprivation of a federally protected right.  *See*
5  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121,
6  1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of
7  section 1983 if he does an affirmative act, participates in another's affirmative act or omits to
8  perform an act which he is legally required to do, that causes the deprivation of which the plaintiff
9  complains.  *Leer*, 844 F.2d at 633; *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).  To
10 state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the
11 interests that have been invaded.  *See Paul v. Davis*, 424 U.S. 693, 697 (1976).
12       Although a plaintiff is not required to plead "specific factual details not ascertainable in
13 advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not
14 state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions,
15 *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d
16 663, 665 (1st Cir. 1979).  A complaint must contain sufficient allegations to put defendants fairly
17 on notice of the claims against them.  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  A
18 complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights
19 fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a).  *Hutchinson v.*
20 *United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).
21       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
22 claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the
23 statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds
24 upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although
25 in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
26 obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and
27 conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .
28 Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

### B. Legal Claims

Plaintiff's pleading is too short on facts for the Court to determine whether any of his constitutional rights may have been violated.  Plaintiff will be given leave to amend so that he may attempt to allege facts showing how his constitutional rights have been violated.  Also, for each instance of a constitutional violation, Plaintiff should name each person who violated his constitutional rights, describe what each person did to violate his rights, state where the violation occurred, and *when* certain violations occurred, i.e., he has failed to indicate the exact date of the alleged denial of medication.

In his amended complaint, Plaintiff must provide a more detailed description of his claims in order for the Court to determine whether enough is alleged to find the pleading adequate to state a claim for relief and require a response from Defendants.

Plaintiff's first possible claim involves an incident on January 11, 2016 in which he claims that his constitutional right to "freedom of religion" was violated.  Dkt. 1 at 3.[1]  Specifically, Plaintiff, who claims to be a practicing Muslim, alleges that on that date, he was performing "fitra," an act performed "every 40 days" by "all [M]uslims" in order to "to keep clean."  *Id.*  Specifically, Plaintiff claims that "fitra" involved the shaving of his pubic hair.  *See id.* at 8.  Plaintiff further alleges that SVSP Correctional Officer L. Mendez, the sole Defendant in this action, "lied" on "the RVR," which the Court assumes relates to the attached Rules Violation Report ("RVR") log no. A16-01-0023 for the offense of "Indecent Exposure W/Masturbation."  *Id.* at 3, 9-16.  The record shows that Plaintiff was eventually found "not guilty" of the aforementioned offense.  *Id.* at 7-8.  However, Plaintiff was instead found to be "in violation of having a razor in his possession," but nothing in the record indicates that he received any form of "disciplinary action" for this violation aside from a "disciplinary chrono."  *Id.* at 8.  The record

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

further shows that Plaintiff's RVR log no. A16-01-0023 was "dismissed," and the senior hearing officer requested that the "Records Department destroy all documentation regarding this report as well as any reports written in support of this disciplinary report." *Id.* at 7.

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence or causes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. at 564-7. Due process also requires that there be "some evidence" to support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445 at 454. The Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

Here, Plaintiff does not allege any cognizable due process violation. He does not allege that the senior hearing officer refused to allow him to present certain witnesses and evidence at his disciplinary hearing. Instead, as mentioned earlier, after the disciplinary hearing, Plaintiff was found not guilty and the RVR was dismissed.

A second possible claim concerns the alleged denial of medication. However, Plaintiff merely claims that Defendant Mendez "violated the color of code of law by not letting [Plaintiff] out too [sic] get [his] medication." Dkt. 1 at 4. Plaintiff does not describe what type of medication he required, nor does he specify how his health was severely harmed. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the

4

nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. Here, again, Plaintiff does not indicate why he needed the medication or how the denial of such medication affected his health. *See id.* The Court finds that Defendant Mendez's alleged one-time refusal to allow Plaintiff access to his medication, at most, amounts to nothing more than negligence. *See Farmer*, 511 U.S. at 835-36 & n.4.

A third possible claim is Plaintiff's claim of retaliation. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Retaliation is not established simply by showing adverse activity by a defendant after protected speech; rather, the plaintiff must show a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this"). In the instant action, Plaintiff must provide more allegations regarding his retaliation claim. Simply stating that he felt that Defendant Mendez's actions were "very racist all because [Plaintiff is] black," and that "retaliation is what she is doing" is insufficient. *See* Dkt. 1 at 4. Therefore, Plaintiff's conclusory allegations of retaliation by Defendants fail to state a cognizable claim for relief. Plaintiff must allege that he engaged in constitutionally-protected conduct, that prison staff took adverse action against him in retaliation for the protected conduct, and that he suffered harm as a result of the retaliation.

In sum, the Court finds that the above allegations fail to state a claim and this complaint will be dismissed but Plaintiff will be provided leave to amend to attempt to cure any deficiencies. The Court also finds that the complaint is deficient because it fails to provide sufficient

information regarding the exhaustion of administrative remedies.[2] *See* Dkt. 1 at 1-2. Accordingly, this Court has no choice but to dismiss the complaint with leave to amend.

### C.     Exhaustion

A prisoner must exhaust his administrative remedies for constitutional claims prior to asserting them in a civil rights complaint. 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). If a prisoner exhausts a claim after bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.") When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d, 1108, 1120 (9th Cir. 2003) *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). However, as mentioned above, Plaintiff failed to provide sufficient information regarding the exhaustion of administrative remedies. *See* Dkt. 1 at 1-2. Plaintiff merely checks the box "YES" next to the question "[D]id you present the facts in your complaint for review through the grievance procedure?" *Id.* at 1. When asked to further explain, he includes information on RVR log no. A16-01-0023 instead of listing the "date and result of the appeal at each level of review." *Id.* at 1-2. He also merely checks the box "YES" next to the question "Is the last level to which you appealed the highest level of appeal available to you?" However, again, he does not give any information indicating that he pursued an appeal to the highest level of review. Such a vague and conclusory response is insufficient. Furthermore, Plaintiff has not alleged any extraordinary circumstances which might compel that he be excused from complying

---

[2] The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Ross v. Blake*, 136 S. Ct. 1850, 1856-58 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

with PLRA's exhaustion requirement. *Cf. Booth*, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into section 1997e(a)). During the same time frame that he amends his complaint, Plaintiff will be given an opportunity to provide sufficient information regarding the exhaustion of administrative remedies. Specifically, to avoid dismissal, Plaintiff needs to provide proof that extraordinary circumstances existed in order to excuse him from complying with PLRA's exhaustion requirement. *See e.g.*, *Ross*, 136 S. Ct. at 1859-60 (identifying "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief.")

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above, within **twenty-eight (28) days** of the date this Order is filed. The amended complaint must include the caption and civil case number used in this Order (C 16-3110 YGR (PR)) and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the prior pleadings, Plaintiff may not incorporate material from the prior pleadings by reference but must include in the amended complaint all the claims and allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). **Failure to amend within the designated time and in accordance with this Order will result in the dismissal of this action.**

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

3. The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along

with his copy of this Order.

IT IS SO ORDERED.

Dated: January 11, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge